UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RAYMOND L. JACKSON,

                               **Plaintiff,**

   vs.                                                1:20-CV-110
                                                                (MAD/ATB)

LT. COL. SCOTT A. WILCOX; TIMOTHY
CONNOLLY, *Investigator*; FRANK KEYSER,
*Major*; GEORGE P. BEACH, II, *Superintendent*; and
SUZZANE EWING, *Investigator*,

                                **Defendants.**
_____

**APPEARANCES:**                                 **OF COUNSEL:**

**RAYMOND L. JACKSON**
**15-A-3740**
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

       On January 25, 2020, Plaintiff commenced this action pursuant to 42 U.S.C. § 1983, asserting alleged constitutional violations stemming from a state court conviction. *See* Dkt. No. 1. Specifically, Plaintiff raised the following claims: (1) Defendants violated his due process rights by withholding exculpatory evidence; (2) Defendants violated his equal protection rights by "conspiring to deprive plaintiff of life and liberty;" and (3) that Defendants "are in violation in failure to protect of a fundamental fairness of due process." *Id.* at 12. Plaintiff seeks only injunctive relief compelling the "NYSP HQ to turn over the Documents." *Id.*

In an Order and Report-Recommendation dated February 21, 2020, Magistrate Judge Baxter conducted an initial review of the complaint. *See* Dkt. No. 7. In his Order and Report-Recommendation, Magistrate Judge Baxter recommended that the Court dismiss Plaintiff's complaint for lack of subject matter jurisdiction. *See id.* at 9-14. Specifically, Magistrate Judge Baxter noted that Plaintiff appears to be challenging only the alleged "refusal" of Defendants to turn over materials under the New York State FOIL, which, standing alone, does not support a claim under Section 1983. *See id.* (citing *Henry v. Doe*, No. 19-cv-10153, 2020 WL 209091, *8 (S.D.N.Y. Jan. 10, 2020)). Further, to the extent that Plaintiff is attempting to raise a potential *Brady* claim, Magistrate Judge Baxter found that the claim is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), because any determination that *Brady* has been violated would necessarily affect the validity of his underlying conviction, which has not been overturned. *See id.* at 11-12. Finally, because Magistrate Judge Baxter recommended that the complaint be dismissed without prejudice, he denied Plaintiff's motion for appointment of counsel. *See id.* at 14. In a letter dated March 2, 2020, Plaintiff indicates that he has decided not to object to Magistrate Judge Baxter's Order and Report-Recommendation. *See* Dkt. No. 8.

Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed IFP, "(2) . . . the court shall dismiss the case at any time if the court determines that - . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Second Circuit has held that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from

2

inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party declines to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

In the present matter, the Court finds that Magistrate Judge Baxter correctly determined that Plaintiff's complaint should be dismissed without prejudice for lack of subject matter jurisdiction. First, to the extent that Plaintiff's claims are premised on a violation of New York State FOIL, it is well settled that such a claim, standing alone, is insufficient to support a Section 1983 claim. *See Rankel v. Town of Somers*, 999 F. Supp. 2d 527, 535 (S.D.N.Y. 2014); *Collins v. City of New York*, 923 F. Supp. 2d 462, 474 (E.D.N.Y. 2013). An alleged wrongful denial of a FOIL request is a matter of state law that is addressable in an Article 78 proceeding. *See Hudson v. Cnty. of Dutchess*, 51 F. Supp. 3d 357, 370-71 (S.D.N.Y. 2014).

Moreover, to the extent that Plaintiff is attempting to assert that his rights under *Brady* were violated, Magistrate Judge Baxter correctly determined that the claim is barred under *Heck*. Plaintiff's criminal cases has not been overturned or called into question by a petition for

3

habeas corpus under 28 U.S.C. § 2254. As such, any determination by this Court that Plaintiff's rights under *Brady* had been violated would necessarily call into question the validity of his underlying state conviction.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Baxter's February 21, 2020 Order and Report-Recommendation (Dkt. No. 7) is **ADOPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED without prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 17, 2020
      Albany, New York

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge